# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RUBY MANNING, and <br> ESTATE OF RICHARD A. MANNING, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL LIFE <br> INSURANCE COMPANY, and <br> AMERICAN INTERNATIONAL <br> GROUP, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:17-cv-04715-TWP-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiffs' Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over the case. The Complaint alleges the Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the Defendants. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the Complaint must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982).

The Plaintiffs initiated this lawsuit by filing their Complaint, which alleges that "Defendant American International Group, Inc. is a corporation with its principal place of business in New York," and "Defendant American General Life Insurance Company is a corporation with its principal place of business in Texas." ([Filing No. 1 at 1](#).) These allegations are not sufficient to allow the Court to determine whether diversity jurisdiction exists because they fail to allege the state of incorporation of the Defendants.

Therefore, the Plaintiffs are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the state of incorporation of the Defendants. This Supplemental Jurisdictional Statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 12/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert W. Johnson
JOHNSON JENSEN LLP
rjohnson@johnsonjensen.com